UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIVANA STYLES,

                Plaintiff,

-against-

BMW FINANCIAL; BMW GAP INSURANCE,

                Defendants.

23-CV-10047 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and alleging that Defendants violated her rights. She sues BMW Financial and BMW GAP Insurance. By order dated December 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box to invoke the court's federal question jurisdiction. In response to the question asking which of her federal statutory or federal constitutional rights have been violated, Plaintiff writes: (1) "Blocked trademark earnings and contracts for business"; (2) [i]nterferences from constant communications regarding same issue"; (3) "[h]arassment for balance owed to BMW Financial that BMW Gap Insurance did not satisfy in its entirety"; and (4) "[h]arassment from BMW employee in NJ parts department." (ECF 1, at 2.)

Plaintiff, who resides in Woodbury, Nassau County, New York, states that the events giving rise to her claims occurred on April 6, 2023, at 114 Jackson Avenue in Syosset, Nassau

County, New York. The following allegations are taken from the complaint. Plaintiff's BMW X5M50 was stolen from "in front of a bagel store, mini shopping parking lot."[1] (*Id.* at 4.) She filed "all necessary claims" but BMW "GAP Insurance did not pay off BMW Financial loan in its entirety," and Plaintiff was left with a balance of $5,412.81. (*Id.*) She was put in the "extremely stressful position of constantly calling BMW GAP Insurance" to resolve the outstanding balance. (*Id.*) Plaintiff's credit has been affected and "EZPASS in New Jersey recently notified [her] of an outstanding bill" relating to the theft that is now in collections. (*Id.*) Plaintiff further alleges that "an employee in a BMW New Jersey location Parts dept. called [her] and harassed" her through text messages "for reasons unknown." (*Id.*)

Plaintiff asserts that she has experienced "tremendous mental aggr[a]vation" because she suffers from "a roller-coaster of health issues including cancer." (*Id.* at 5.) She alleges that Defendants are responsible for the pain and suffering she has experienced in the six months since her car was stolen.

As relief, Plaintiff seeks "the maximum money damages," including money she spent on "car rentals for 3 months[,] purchase of replacement used vehicle transported from Florida to NY[,] compensation for credit damage, EZ-PASS collections, loss of income . . . from dealing with the same issues for over 6 months," as well as the medical treatments for her cancer. (*Id.*)

## DISCUSSION

### A.   Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has

---

[1] This Syosset address Plaintiff provides appears to be the location of the parking lot from which her car was stolen.

3

jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff invokes the court's federal question jurisdiction and references trademark claims, which generally arise under federal trademark law, but she alleges no facts suggesting a federal trademark infringement claim or any other viable federal claim. The Court therefore lacks federal question jurisdiction of this action.

### 2. Diversity of Citizenship Jurisdiction

To the extent that Plaintiff asserts claims under state law, her complaint does not show that the Court has diversity of citizenship jurisdiction of this action. To establish diversity of citizenship jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he [or she] is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Here, Plaintiff alleges that she is a resident of the State of New York. She does not provide addresses for BMW Financial or BMW GAP Insurance, and she provides no other information about their citizenship other than to use the template language provided on the complaint form to state that "BMW" is incorporated under the laws of New York and New Jersey. (*See* ECF 1, at 3.) Because Plaintiff does not allege the state of incorporation of each

Defendant and where each Defendant's principal place of business is located, the Court is unable to determine at this stage of the litigation whether the parties are diverse.[2]

Furthermore, for diversity of citizenship jurisdiction, the plaintiff must also allege to a "reasonable probability" that his claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966) (alteration in original, internal quotation marks omitted)).

It is unclear from the complaint whether Plaintiff's claims satisfy the $75,000 jurisdictional threshold. She alleges that BMW GAP Insurance left her with a balance of $5,412.81 on her car loan. She seeks the "maximum amount of damages" based on expenses occurred as a result of her car being stolen, but she does not state the amount she seeks, and it is unclear from the allegations that Defendants could be held liable for many of the expenses Plaintiff seeks to recover. At this stage in the litigation, the Court cannot say that Plaintiff has demonstrated to a "reasonable probability" that her claim is worth in excess of $75,000. For these reasons, the Court lacks diversity of citizenship jurisdiction of this action.

---

[2] If BMW Financial or BMW GAP Insurance is incorporated under the laws of the State of New York, the Court does not have diversity of citizenship jurisdiction because the parties are citizens of the same state.

The Court grants Plaintiff leave to replead any state law claims she may be asserting in an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of such claims. In addition to demonstrating that the Court has diversity of citizenship jurisdiction of such claims, Plaintiff's amended complaint must also comply with Rule 8's requirement that it allege sufficient facts to state a viable claim for a violation of her rights under state law.

**B.     Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid state law claim of which the Court has diversity of citizenship jurisdiction, the Court grants Plaintiff 30 days' leave replead her claims in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead any state law claims she may be asserting in an amended complaint that alleges facts demonstrating that the Court has diversity of citizenship jurisdiction of such claims.

If Plaintiff fails to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge